1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

# SEATTLE DIVISION

| | |
|---|---|
| **SPECIALTYCARE, INC., REMOTE NEUROMONITORING PHYSICIANS, PC, and SENTIENT PHYSICIANS, PC,**<br><br>Plaintiffs,<br><br>vs.<br><br>**KAISER FOUNDATION HEALTH PLAN of WASHINGTON, Inc.,**<br><br>Defendant. | **Civil Action No.**  2:24-cv-02127<br><br>**COMPLAINT AND PETITION TO CONFIRM ARBITRATION AWARD** |

Plaintiffs, SpecialtyCare, Inc., Remote Neuromonitoring Physicians, PC, and Sentient Physicians, PC (collectively, "SpecialtyCare"), bring this action against Kaiser Foundation Health of Washington, Inc. ("Kaiser Group Health WA") and allege as follows:

## I.    INTRODUCTION

1.    This action is necessary because Kaiser Group Health WA has failed and/or refused to pay to SpecialtyCare the money that it was ordered to pay in arbitral awards rendered pursuant to the federal No Surprises Act ("NSA").

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 1
CASE NO. _____

JLLEV\100583408.3

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel:  206-393-5400

1

2    2.    SpecialtyCare therefore brings this action to recover $41,733 in out-of-network

3    ("OON") reimbursement pursuant to awards issued to SpecialtyCare against Kaiser Group Health

4    WA under the NSA, plus pre- and post-judgement interest and costs of collection.

5    3.    SpecialtyCare is recognized as a leading national healthcare provider of perfusion

6    and intraoperative neuromonitoring throughout the United States. At all material times, Kaiser

7    Group Health WA was obligated to cover and reimburse SpecialtyCare for certain OON items and

8    services rendered to Kaiser Group Health WA's members and insureds under the NSA.

9    4.    Under the NSA, effective January 1, 2022, SpecialtyCare can dispute the amounts

10   Kaiser Group Health WA paid for OON services furnished to patients enrolled in health benefit

11   plans sold, insured, or administered by Kaiser Group Health WA, through an independent dispute

12   resolution ("IDR") process administered by the Centers for Medicare & Medicaid Services

13   ("CMS"), where a neutral known as an "IDR entity" determines the amount that Kaiser Group

14   Health WA is required to pay SpecialtyCare on a particular claim for OON services.

15   5.    If the IDR entity determines that Kaiser Group Health WA underpaid

16   SpecialtyCare, based on several factors the IDR entity considers, and awards SpecialtyCare

17   additional amounts to ensure SpecialtyCare is fairly compensated, Kaiser Group Health WA is

18   required to make the additional payments to SpecialtyCare within 30 calendar days of that

19   decision. 42 U.S.C. § 300gg-111(b)(1)(c).[1] The IDR entity's decision is "binding upon the parties

20   involved" and not subject to judicial review absent circumstances described under the Federal

21   Arbitration Act at 9 U.S.C. § 10(a)(1)-(4). *See* 42 U.S.C. §§ 300gg-111(c)(5)(E)-(F); 45 C.F.R. §

22   149.510(c)(4)(vii)(A).

23

24   _____

25   [1] The relevant statutory provisions of the NSA, and its implementing regulations, are codified in three places: the
     Public Health Service Act ("PHS Act"), enforced by the Department of Health and Human Services ("HHS"); the
     Internal Revenue Code ("IRC"), enforced by the Department of the Treasury ("Treasury Department"); and the
26   Employee Retirement Income Security Act ("ERISA"), enforced by the Department of Labor ("DOL"). For ease of
     reference, this Complaint cites to the PHS Act provisions and implementing regulations.

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 2
CASE NO. _____



6.      Having underpaid each of the claims at issue in this action, Kaiser Group Health WA forced SpecialtyCare to initiate IDR proceedings under the NSA to be fairly compensated. After the IDR entity awarded SpecialtyCare additional amounts in each of those proceedings, Kaiser Group Health WA failed to pay SpecialtyCare the additional amounts owed. A tabulation identifying each IDR award, including the date the award was issued, the amount of the award, any payments to date of the award, and the remaining amount Kaiser Group Health WA owes of the award, together aggregate of these unpaid balances of **$41,733** is attached hereto as **Exhibit A**.[2]

7.      SpecialtyCare has made numerous attempts to obtain payment from Kaiser Group Health WA, but its attempts have been unsuccessful. No satisfactory defense or explanation has been forthcoming from Kaiser Group Health WA. As a result, this action is necessary so that SpecialtyCare can secure enforcement of the binding IDR awards by final judgement against Kaiser Group Health WA in a court of law as allowed by the NSA.

## II.      PARTIES

8.      SpecialtyCare, Inc. is a corporation organized under the laws of the State of Delaware and has its principal place of business in Brentwood, Tennessee. SpecialtyCare has two affiliated entities: Remote Neuromonitoring Physicians, PC and Sentient Physicians, PC. Remote Neuromonitoring Physicians, PC is a professional corporation organized under the laws of the State of Pennsylvania whose principal place of business is located in Brentwood, Tennessee. Sentient Physicians, PC is a professional corporation organized under the laws of the State of Illinois whose principal place of business is located in Brentwood, Tennessee.

9.      Kaiser Group Health WA is a corporation organized under the laws of the State of Washington, with its principal place of business located in Renton, Washington.

---

[2] Given the volume of IDR awards at issue in this matter, Plaintiffs have not attached copies of the IDR awards. However, Plaintiffs' counsel will provide Defendant's counsel with the documentation for each individual IDR award upon counsel's request and will file the IDR awards with the Court as necessary.

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 3
CASE NO. _____

JLLEV\100583408.3



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel: 206-393-5400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### III.    JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States. Additionally, this Court has supplemental jurisdiction over the state-based claims because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

11.    This Court has personal jurisdiction over Kaiser Group Health WA because, among other reasons, Kaiser Group Health WA operates, conducts, engages in and carries on a business in Washington, it maintains its principal place of business and other facilities in Washington, and committed the acts complained of herein in Washington. Further, Kaiser Group Health WA is engaged in substantial and not isolated activity in Washington, both interstate and intrastate.

12.    Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1) because, at all times material hereto, Kaiser Group Health WA is a corporation conducting business in this Judicial District.

### IV.    FACTS

13.    This dispute arises from Kaiser Group Health WA's failure to reimburse SpecialtyCare for healthcare services it provided to Kaiser Group Health WA's members, or patients who receive their insurance from self-funded ERISA plans for whom Kaiser Group Health WA provides administrative services.

14.    At all material times, Kaiser Group Health WA was obligated to cover and reimburse SpecialtyCare for certain OON items and services rendered to Kaiser Group Health WA's members and insureds—each of whom validly and in writing assigned his or her benefits claims to SpecialtyCare—under the federal NSA.

15.    The NSA, which became effective January 1, 2022, requires health plans and issuers, such as Kaiser Group Health WA, to provide coverage and reimburse providers directly



for OON emergency healthcare services and non-emergency services furnished to insured patients by OON providers at participating hospitals and facilities.

16.     Under the NSA, health plans and issuers have 30 calendar days from the date the bill is transmitted by the provider to pay or deny the claim. *See* 42 U.S.C. § 300gg-111(b)(1)(c). Plans and issuers are allowed to initially pay the OON provider whatever amount they choose (or nothing at all). If the payment is too low, the provider may initiate an "open negotiation period" to negotiate a higher amount. *Id.* at § 300gg-111(c)(1)(A). If negotiations fail, the provider may initiate an IDR process where a third-party arbitrator, known as an IDR entity, determines the pricing on the claim(s). *Id.* at § 300gg-111(c)(1)(B).

17.     The IDR process requires both parties to submit to the IDR entity position statements and proposed offers of payment for the items and services at issue.[3] *Id.* § 300gg-111(c)(5)(B)(i)(I). The IDR entity then evaluates both proposed offers, based on a number of statutory factors, and selects one offer as the appropriate payment for the items and services at issue, and issues its written payment determination. *Id.* at § 300gg-111(c)(5)(C).

18.     Any additional payment required by the IDR entity's determination must be made directly to the provider **no later than thirty (30) calendar days** after the IDR entity issues its decision. *Id.* at § 300gg-111(c)(6); *see also* 45 C.F.R. § 149.510(c)(4)(ix).

19.     The IDR entity's decision is "binding upon the parties involved" and not subject to judicial review absent circumstances described under the Federal Arbitration Act at 9 U.S.C. § 10(a)(1)-(4). *See* 42 U.S.C. §§ 300gg-111(c)(5)(E)-(F); 45 C.F.R. § 149.510(c)(4)(vii)(A).

---

[3] If one of the parties fails to submit an offer within the required timeframes, the IDR entity must select the other party's offer as the final award. *See* Ctrs. For Medicare & Medicaid Servs., *Federal Independent Dispute Resolution (IDR) Process Guidance for Disputing Parties* § 6.2.2, (Oct. 2022), available at https://web.archive.org/web/20230106173733/https://www.cms.gov/files/document/federal-independent-dispute-resolution-guidance-disputing-parties.pdf

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 5
CASE NO. _____



JLLEV\100583408.3

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

20.     Since the implementation of the NSA, IDR entities have issued hundreds of decisions requiring Kaiser Group Health WA to pay SpecialtyCare additional amounts pursuant to the NSA.

21.     The IDR determinations at issue were rendered in accordance with the NSA, and are, therefore, binding upon Kaiser Group Health WA. *Id*. § 300gg-111(c)(5)(E)-(F);.

22.     Kaiser Group Health WA, however, consistently failed to remit payment pursuant to the IDR entity's determinations, resulting in $41,733 in unpaid past due amounts owed to SpecialtyCare from Kaiser Group Health WA (the "Debt").

23.     Additionally, Kaiser Group Health WA consistently failed to make timely payment within the NSA's required 30-calendar-day payment window, which begins when the IDR entity issues a decision finding that SpecialtyCare is owed additional payment. Indeed, many payments are overdue well-beyond the 30-calendar-day payment window.

24.     SpecialtyCare has made numerous demands to Kaiser Group Health WA for its payment on the Debt.

25.     On multiple occasions, SpecialtyCare escalated the issue of Kaiser Group Health WA's failure to timely remit payment for the Debt to Kaiser Group Health WA and demanded payment for the same. Although not required by the NSA, SpecialtyCare provided a spreadsheet inventory of IDR entity determinations to Kaiser Group Health WA to aid in the resolution of the Debt. SpecialtyCare also, from time to time, supplemented its inventory with copies of the IDR entities' determinations for each OON claim dispute at issue. Such inventory listed the following identifying information: IDR dispute number, CPT, Service Date, PCN, Payor Claim Number, Award Total, Decision Date, Expected Payment Date, Total Payments (to date), Still Owed, Patient Amount Paid.

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 6
CASE NO. _____

JLLEV\100583408.3

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel:  206-393-5400

26. SpecialtyCare diligently followed-up with Kaiser Group Health WA through multiple avenues. Kaiser Group Health WA, however, has frequently ignored SpecialtyCare's reminders for weeks at a time and has continued to not pay the Debt.

27. Despite SpecialtyCare's efforts, Kaiser Group Health WA has not fully paid the Debt, and the past due amounts have continued to increase to the current amount of the Debt.

28. SpecialtyCare engaged and continues to engage in a series of transactions in an open account with Kaiser Group Health WA.

29. SpecialtyCare provided and continues to provide OON items and services to Kaiser Group Health WA's members and insureds, and it seeks reimbursement pursuant to the NSA, when necessary. Accordingly, SpecialtyCare also expects to enter further transactions with Kaiser Group Health WA that may yield future IDR entity determinations that increase the Debt.

30. Kaiser Group Health WA knows that it is statutorily required to pay IDR awards within thirty days. Upon information and belief, Kaiser Group Health WA has not, prioritized the compliance systems and personnel needed to meet its obligations under federal law, to the detriment of SpecialtyCare and to the advantage and unjust enrichment of Kaiser Group Health WA, its stakeholders, it serves.

31. Kaiser Group Health WA knows that the longer it delays or denies payment, the more it can earn from the interest and/or investment income generated for its fully insured business. By delaying payment or not paying IDR awards, Kaiser Group Health WA is able to keep the health plans' claims costs arbitrarily low, thus incentivizing plans to stay with them or using the results to market their services to other health plans.

32. Despite SpecialtyCare's numerous demands, Kaiser Group Health WA has failed to satisfy the Debt.

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 7
CASE NO. _____

JLLEV\100583408.3

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel:  206-393-5400

## V.    CLAIMS FOR RELIEF

### COUNT 1
### PETITION TO CONFIRM ARBITRATION AWARDS
### (9 U.S.C. § 9)

33.    SpecialtyCare incorporates the foregoing paragraphs by reference.

34.    Pursuant to 9 U.S.C. § 9, a party can petition a court to confirm an arbitration award.

35.    Federal courts have authority to confirm IDR awards issued pursuant to the NSA under 9 U.S.C. § 9. *See, e.g.*, *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an IDR entity award under 9 U.S.C. § 9 because the language of the NSA indicates the IDR award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

36.    SpecialtyCare has met all the pre-conditions for enforcement of the IDR awards at issue.

37.    Accordingly, SpecialtyCare is entitled to an Order confirming each arbitration award set forth in Exhibit A.

### COUNT 2
### ACTION FOR NONPAYMENT OF IDR DETERMINATION
### (42 U.S.C. § 300gg-111(c)(6))

38.    SpecialtyCare incorporates the foregoing paragraphs by reference.

39.    The determination of a certified IDR entity "shall be binding upon the parties involved" and that payment "shall be made directly to the nonparticipating provider or facility not later than 30 days after the date on which such determination is made." *See* 42 U.S.C. §§ 300gg-111(c)(5)(E)(i)(I), 300gg-111(c)(6).

40.    SpecialtyCare is entitled to have the IDR determination converted into a federal judgment and enforced with the assistance of this Court in post-judgment collection efforts.

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 8
CASE NO. _____

JLLEV\100583408.3

**POLSINELLI**

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel:  206-393-5400

41.     SpecialtyCare is further entitled to pre-judgment interest from the 31st day after each determination date until the date judgment is entered and post-judgment interest from the date after judgment is entered until payment is satisfied by Kaiser Group Health WA.

42.     Accordingly, SpecialtyCare is entitled to judgement in the amount of the Debt plus pre- and post-judgement interest and the costs of collection.

## COUNT 3
### Implied Right of Action under the NSA

43.     SpecialtyCare incorporates the foregoing paragraphs by reference.

44.     The NSA includes an implied right of action against Kaiser Group Health WA for the amount owed to SpecialtyCare.

45.     Under the NSA, the determination of a certified IDR entity "shall be binding upon the parties involved" and that payment "shall be made directly to the nonparticipating provider or facility not later than 30 days after the date on which such determination is made." See 42 U.S.C. §§ 300gg-111(c)(5)(E)(i)(I), 300gg-111(c)(6).

46.     The NSA thus requires Kaiser Group Health WA to pay to SpecialtyCare the IDR Award Balance Owed for the services at issue in this case.

47.     Accordingly, SpecialtyCare is entitled to judgement in the amount of the Debt plus pre- and post-judgement interest and the costs of collection.

## COUNT 4
### Improper Denial of Benefits
### (ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B))

48.     SpecialtyCare incorporates the foregoing paragraphs by reference.

49.     SpecialtyCare has been assigned the right to payment and benefits from Kaiser Group Health WA's members. This means SpecialtyCare steps into the shoes of, and is now considered, an ERISA beneficiary pursuant to 29 U.S.C. § 1002(8) for any self-funded plans

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 9
CASE NO. _____

JLLEV\100583408.3

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel:  206-393-5400

Kaiser Group Health WA is administering. As beneficiaries, SpecialtyCare is entitled to plan benefits, is the real party in interest as to these claims and has standing to bring claims under ERISA.

50.    Kaiser Group Health WA improperly denied benefits by failing to pay the IDR awards within 30 days of each decision, as required by federal law. Kaiser Group Health WA's actions constitute an abuse of discretion by (a) not properly interpreting plan terms that are unambiguous, (b) exercising discretion over non-discretionary plan terms, and (c) denying SpecialtyCare payment and benefits under the plan terms.

51.    SpecialtyCare is entitled to recover payment of plan benefits from Kaiser Group Health WA pursuant to the IDR determinations

52.    Kaiser Group Health WA is responsible for NSA compliance for the plans it administers, including responding to IDR complaints and paying IDR awards, in connection with administering self-funded benefits plans. Kaiser Group Health WA breached its obligations to both the self-funded plans it administers and the plan beneficiaries by not paying IDR awards for services rendered to plan beneficiaries

53.    Kaiser Group Health WA's denial of payment and benefits pursuant to the binding IDR determinations was not substantially justified, arbitrary and capricious, unsupported by substantial evidence, constituted an abuse of discretion, and wrongful under all circumstances.

54.    SpecialtyCare, as assignee, hereby asserts a claim under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover payment of the IDR awards from the self-funded plans administered by Kaiser Group Health WA at issue.

55.    Pursuant to 29 U.S.C. § 1132(g), SpecialtyCare further seeks an award of reasonable attorney's fees and costs incurred in bringing this action.

56.    Accordingly, for the reasons stated above, SpecialtyCare is entitled to judgement in the amount of the debt plus pre-and post-judgement interest and the costs of collection.

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 10
CASE NO. _____

JLLEV\100583408.3

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel: 206-393-5400

**COUNT 5**
**ACCOUNT STATED**

57.     SpecialtyCare incorporates the foregoing paragraphs by reference.

58.     Before SpecialtyCare instituted this action, the parties had business transactions between them in which they agreed on the entire amount due as the Debt.

59.     SpecialtyCare has made frequent demands to Kaiser Group Health WA for the above-described obligations and provided Kaiser Group Health WA with a statement of its balance owed on the Debt.

60.     Kaiser Group Health WA does not object to and has not contested the validity or quantum of the IDR entity determinations underlying the Debt.

61.     Kaiser Group Health WA has failed to pay SpecialtyCare $41,733 that is due on the account.

62.     Accordingly, SpecialtyCare is entitled to judgment in the amount of the Debt plus pre- and post-judgment interest and the costs of collection

**COUNT 6**
**OPEN ACCOUNT**
**(WA. STAT. ANN. § 4.16.150)**

63.     SpecialtyCare incorporates the foregoing paragraphs by reference.

64.     Kaiser Group Health WA owes SpecialtyCare $41,733 that is due with applicable interest, in accordance with the attached statement of Kaiser Group Health WA's balance owed on the Debt.

65.     Accordingly, SpecialtyCare is entitled to judgement in the amount of the debt plus pre- and post-judgement interest and the costs of collection.

**COUNT 7**
**BAD FAITH**

66.     SpecialtyCare incorporates the foregoing paragraphs by reference.

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 11
CASE NO. _____

JLLEV\100583408.3

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel:  206-393-5400

67.     SpecialtyCare asserts a claim for bad faith in violation of WA. STAT. ANN. § 48.01.030 and Washington common law.

68.     SpecialtyCare made demand for payment on the Debt.

69.     Kaiser Group Health WA refused to pay the Debt after receiving SpecialtyCare's demand.

70.     Kaiser Group Health WA knew it did not have a reasonable cause to refuse payment of the Debt.

71.     Kaiser Group Health WA's refusal to pay was committed in bad faith.

72.     Kaiser Group Health WA's refusal to pay has inflicted additional expense, loss, and injury, including attorneys' fees and other costs incurred on SpecialtyCare to pursue recovery of amounts owed.

73.     As a direct result of Kaiser Group Health WA's conduct, SpecialtyCare has been harmed.

74.     SpecialtyCare is entitled to recover the balance due on the Debt as well as interest and its reasonable costs and attorneys' fees.

## COUNT 8
## UNJUST ENRICHMENT

75.     SpecialtyCare incorporates the foregoing paragraphs by reference.

76.     For unpaid IDR awards, Kaiser Group Health WA has been unjustly enriched by failing and refusing to pay the amounts due and owing to SpecialtyCare for services they provided to Kaiser Group Health WA members.

77.     Kaiser Group Health WA received a benefit by receiving premiums and other consideration from the members, which in turn allowed the members to receive valuable medical care from SpecialtyCare with the expectation, by both the members and SpecialtyCare, that Kaiser

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 12
CASE NO. _____

JLLEV\100583408.3

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

Group Health WA would pay the benefits it agreed to pay in exchange for the premiums and consideration provided.

78.     Kaiser Group Health WA voluntarily accepted and retained the benefit conferred.

79.     SpecialtyCare has been adversely impacted by providing valuable treatment to the members with the expectation of payment, only to be systematically and arbitrarily denied such payment by Kaiser Group Health WA. In providing such care, SpecialtyCare incurred costs associated with the use and consumption of materials and supplies, expenditure of employee time and effort, and the cost of capital—all without receiving payment for its efforts, services, and investments.

80.     There is no justification for Kaiser Group Health WA's refusal to pay for the medical treatment provided to members, and it would be inequitable for Kaiser Group Health WA to retain the benefits it has received under these circumstances without paying the value thereof to SpecialtyCare in the sum of approximately $41,733.

81.     Kaiser Group Health WA has been, and would continue to be, unjustly enriched if allowed to retain the benefit without paying the value thereof, and SpecialtyCare has suffered damages as a result.

## VI.     PRAYER FOR RELIEF

WHEREFORE, SpecialtyCare prays for the following relief:

A.     Judgment be entered against Kaiser Group Health WA on each claim asserted herein;

B.     An Order confirming each IDR award included in Exhibit A pursuant to 9 U.S.C. § 9;

C.     An Order enforcing the IDR awards and a judgment for the total amount outstanding plus pre- and post-judgment interest under 28 U.S.C. § 1961;

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 13
CASE NO. _____

JLLEV\100583408.3

**POLSINELLI**

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel:  206-393-5400

1

2          D.      An Order awarding SpecialtyCare its costs and reasonable attorney's fees pursuant

3  to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g);

4          E.      Judgment be entered against Kaiser Group Health WA in an amount to be

5  determined at a hearing of this cause, plus any applicable interest and reasonable attorneys' fees

6  and costs; and

7          F.      For such other, further, and general relief to which SpecialtyCare may show itself

8  entitled.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT AND PETITION
TO CONFIRM ARBITRATION AWARD - 14
CASE NO. _____

JLLEV\100583408.3

**POLSINELLI**

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

1
2
3

DATED this __23rd__ day of December, 2024.

4
5
6
7
8

Respectfully submitted,

_/s/ Jessica Andrade_

By:  Jessica Andrade (WA #39297)
     **POLSINELLI PC**
     1000 Second Avenue, Suite 3500
     Seattle, WA  98104
     Tel:    206-393-5400
     Fax:    206-393-5401
     Email:  Jessica.andrade@polsinelli.com

9
10
11
12
13

_/s/ Sabrina Marquez_
Sabrina Marquez (WA #58478)
**POLSINELLI PC**
1000 Second Avenue, Suite 3500
Seattle, WA  98104
Tel:    206-393-5400
Fax:    206-393-5401
Email:  smarquez@polsinelli.com

14
15

**ATTORNEYS FOR PLAINTIFF**

16
17
18
19
20

_/s/ Joshua D. Arters_
Joshua D. Arters (TN #31340) (*pro hac vice forthcoming*)
**POLSINELLI PC**
501 Commerce Street, Suite 1300 Nashville, Tennessee 37203
Tel.:    615-252-3923
Email:  jarters@polsinelli.com

21
22
23
24

_/s/ Kevin T. Elkins_
Kevin T. Elkins (TN #33280) (*pro hac vice forthcoming*)
**POLSINELLI PC**
501 Commerce Street, Suite 1300 Nashville, Tennessee 37203
Tel.:    615-252-3923
Email:  kelkins@polsinelli.com

25
26

**ATTORNEYS FOR PLAINTIFF**

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel: 206-393-5400